THE PEOPLE ex. rel. JOHN BLACKSMITH vs. PHINEAS L. TRACY, FIRST JUDGE OF GENESEE COUNTY COURTS.

A mandamus is not the proper remedy to correct a decision of a judge who refuses to issue a warrant to remove certain persons other than Indians from lands belonging to or occupied by any nation or tribe of Indians within this state, under the act of the 31st March, 1821. The judge in such a case acts *judicially.* On an application under that act, *the district attorney* should be the *relator*. In a matter of public right, any citizen of the state may be relator in an application for a mandamus, to enforce the execution of the common law, or of any act of the legislature ; (when that is the proper remedy,) but it is otherwise in cases of *private* or *corporate rights*, there the title to relief at the suit of the *relator* must appear.

A motion, to quash an alternative mandamus, to compel a judge to issue his warrant under the above mentioned act, will be granted where it appears there was not *due proof* upon the original application made before the judge for the warrant. And also where it appears the premises in the alternative writ are not properly designated and described, and that it varies materially from the rule allowing it.

*Motion by defendant Tracy to quash an alternative mandamus.*—On the 6th March, 1845, this court granted a rule in this case, that an al-

ternative mandamus issue to be directed to the defendant, requiring him to issue a warrant to remove certain intruders other than Indians from the Tonawanda reservation; on the application made by the relator, as one of the chiefs of the Seneca nation of Indians residing on said reservation; or that said judge show cause to this court on the first day of the then next May term of this court, why a peremptory mandamns should not issue. An alternative writ of mandamus was issued, tested the first Monday of January, 1845, by Verplank & Martindale, as attorneys for the relator; neither of whom being district attorney of Genesee county, which was served on the judge the 25th day of March last; it recited that on the 8th day of January, 1845, John H. Martindale, then district attorney of the county of Genesee, made complaint to said judge, that certain persons thereinafter named, other than Indians, were then intruders upon and had settled or resided on lands belonging to or occupied by the Tonawanda Indians, within the limits of the county of Genesee, and that the said district attorney applied to said judge to issue his warrant under his hand and seal, directed to the sheriff of the county of Genesee, commanding him within ten days after the receipt thereof, to remove such persons from such lands; and that on the 11th day of January, 1845, upon an examination of the matters stated in the complaint, due proof was made before and testified to him by Ely S. Parker, of the fact of such settlement or residence on such lands of certain persons named in said complaint other than Indians, to wit (naming certain persons): nevertheless that said judge unjustly refused to issue his warrant as aforesaid, whereby the said Tonawanda Indians had been greatly interrupted in the occupation and enjoyment of the said lands, &c. as informed from the relation of John Blacksmith, a chief of the said Tonawanda Indians. The writ then commanded said judge to issue his warrant under his hand and seal, directed to the sheriff of the county of Genesee, commanding him, within ten days from the receipt thereof to remove said persons other than Indians so as aforesaid, settling or residing on said lands, belonging to or occupied by the said Tonawanda Indians, from such lands, or show cause, &c. The time for making the return to this writ was enlarged by an order of the chief justice, on the 19th April, to the 1st Tuesday in June then next. A motion is now made on the part of judge Tracy, for an order that the writ of alternative mandamus thus issued, be superseded or quashed on several grounds, viz: 1st That the writ does not allege the existence of any nation or tribe of Indians except the Tonawanda Indians, and alleges that they are a nation or tribe only argumentatively, so that no direct issue can be formed there-

in.  2d That the writ varies from, and is not authorized by the rule allowing a writ to issue, among other things in this; that said rule designates the relator as "one of the chiefs of the Seneca nation of Indians," whereas in said writ he is alleged to be "a chief of the said Tonawanda Indians."  3d That said writ is defective in form and substance, containing no allegations upon which a peremptory writ could be issued if admitted, or on which a material issue of fact could be tendered.  4th That said writ is signed and prosecuted by attorneys other than the district attorney or other attorney legally authorized to represent any tribe or nation of Indians.  5th That it is not alledged in said writ except by inference, that there are any lands within the county of Genesee belonging to the said Tonawanda Indians, or to any nation or tribe of Indians, or that the Tonawanda Indians or any nation or tribe of Indians occupy any lands within the county of Genesee.  6th That said writ does not designate or describe with sufficient certainty the lands therein mentioned or intended, or any lands whatever, and that a warrant could not, if issued in pursuance of the command of said writ be executed.

A. TABER, *Defts Counsel.*       J. L. BROWN, *Defts Atty.*

J. VAN BUREN, *Atty Gen'l, Relator's Counsel.*

VERPLANK AND MARTINDALE, *Relator's Attys.*

JEWETT, Justice.—The Tonawanda reservation, is a tract of land situate in the county of Genesee, well known as such, and as well defined in its location and boundaries by *that* description as any tract or lot of land in any other part of the state, is known by the number of lots, &c., from which tract by the terms of the rule of the 6th of March, the writ of alternative mandamus should have commanded the judge to issue his warrant to remove the intruders therein complained of.  The writ fails to designate that reservation as *the premises* upon which the persons complained of had intruded.  It commands the judge to issue his warrant to the sheriff of Genesee county, commanding him &c. to remove the persons complained of (not from the Tonawanda reservation but) *from lands belonging to or occupied by the Tonawanda Indians within the limits of the county of Genesee;* a clear departure from the terms of the rule in the description of the premises upon which the intrusion complained of had been made, and upon which the judge was required to issue his warrant to remove such intruders; the writ in this respect is clearly bad, not only as unauthorized by the rule, but if the command of the writ should be complied with by the judge, his warrant could not be executed, unless indeed it could be supposed that the sheriff knew the particular lands belonging to or occupied by the Tonawanda Indians within his

county. The writ should have commanded the judge to issue his warrant, &c. to remove the intruders from the lands known and described as the "Tonawanda reservation" within the county of Genesee. This proceeding is supposed to be authorized by the provisions of the statute passed 31st March 1821 (See *Session Laws* 1821, p. 183). The 1st § of the act declares that " it shall be unlawful for any person or persons other than Indians, to settle or reside upon any lands belonging to or occupied by any nation or tribe of Indians within this state; and that all leases, contracts and agreements made by any Indians, whereby any person or persons other than Indians shall be permitted to reside upon such lands, shall be absolutely void; and if any person or persons shall settle or reside on any lands contrary to this act, it shall be the duty of any judge of any court of common pleas of the county within which such lands shall be situated, on complaint made to him, and on *due proof of the fact of such settlement or residence,* to issue his warrant under his hand and seal, directed to the sheriff of such county, commanding him, within ten days after the receipt thereof, to remove such person or persons so settling or residing, with his, her or their families, from such lands." It is made the duty of the sheriff to execute such warrant. By the 5th and 6th sections of the act, it is provided " that it shall be the duty of the district attorneys respectively of the several counties in this state in which any lands belonging to any Indian tribe shall be situated, (among other things) to make complaint of all intrusions upon Indian lands, forbidden by the act; and from time to time to make inquiries whether any persons other than Indians are settled upon such lands, *and to cause them to be removed in the manner therein prescribed.*" It is objected that the relator, John Blacksmith, described in the rule as " one of the chiefs of the Seneca nation of Indians, residing on the Tonawanda reservation," and in the writ " a chief of the Tonawanda Indians," shows no title either to appear as relator, or to claim the relief prayed for. In a matter of public right, any citizen of the state may be a relator in an application for a mandamus (when that is the appropriate remedy), to enforce the execution of the common law, or of an act of the legislature. It is otherwise in cases of *private* or *corporate rights :* there the title to relief at the suit of the *relator* must appear, or the application will not be heard (*The People* vs. *Collins and others*, 19 *Wend.* 56). I am of opinion that by the terms and spirit of the statute under which this proceeding has been had, no other than the district attorney of the county of Genesee (in which the lands intruded upon are situated) could regularly be a *relator.* The remedy for the act complained of is provided by the

statute, as well as the officers to carry it into execution. It is made the duty of the district attorney *to make complaint of all intrusions* upon Indian lands forbidden by the act, and from time to make inquiries whether any persons other than Indians are settled upon such lands, *and to cause them to be removed in the manner therein prescribed. Without the act,* John Blacksmith or any other person could not claim such summary proceedings to remove intruders upon Indian lands; and *with the act,* no other person is authorized by its provisions to make *complaint* of such intrusions, or to cause the intruders to be removed, but the *district attorney* of the county in which the lands are situated. It is also insisted that the writ has been improvidently issued, on the ground that it is not the appropriate remedy to correct the error of Judge Tracy in refusing to issue his warrant, having heard the proof offered of the fact of settlement or residence, by the persons complained of, upon lands belonging to or occupied by the Tonawanda Indians. It will be seen by the provisions of the act, that the following facts must be duly proved to or before the judge, before he is ever authorized to issue his warrant. *That there were lands situated in the county of Genesee, belonging to or occupied by a nation or tribe of Indians; that some person or persons other than Indians had settled on or resided on some part of such lands.* The proof made to or before the judge, consisted of the affidavit of one Parker, in which he swore " that the following persons other than Indians are settled or reside on the Tonawanda reservation, on lands owned and occupied by the Tonawanda Indians, in the county of Genesee, to wit : (naming several persons); and that the following aforenamed persons are settled upon said lands by consent of such Indians, to wit : (naming several of such persons); that he is informed and believes that (naming five persons) claim under contracts or agreements or lease from third persons, and not said Indians, as this deponent is informed and believes." This is the substance of the proof made before the judge, upon the complaint made by the district attorney. The judge refused to issue his warrant to remove the persons complained of. Can it be said that this affidavit furnished to the judge " *due proof of the fact* of such settlement or residence " ? The deponent Parker does not profess to have any *knowledge* of the *fact :* he swore to nothing beyond *information and belief.* In my opinion the judge evinced a sound judgment, in deciding against the application founded upon that proof, as falling far short of the proof required by the statute. And besides I am constrained to say, that from the best consideration of the case that I am able to give, I am of opinion that the decision of the judge in this case, if erroneous, can not be cor-

rected by mandamus, the judge in his refusal acted judicially. *The people* ex rel. *Doughty* vs. *the judges of Dutchess common pleas,* 20 *Wend.,* 658, *and the cases there cited.* Several other questions have been raised on the argument of this motion, but which I forbear to consider, as unnecessary, having come to the conclusion upon the examination of the question already considered, that the rule of the 6th of March last and all subsequent proceedings therein, should be vacated and set aside, and that the writ of alternative mandamus should be quashed ; *but without costs* to either party as against the other.

Rule accordingly.